**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4427**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLAYTON THOMAS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  Glen M. Williams, Senior District Judge.  (CR-03-10109)

---

Submitted:  March 13, 2006      Decided:  April 11, 2006

---

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Daniel R. Bieger, COPELAND & BIEGER, P.C., Abingdon, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clayton Thomas was indicted for conspiring to manufacture more than fifty grams of methamphetamine, within 1000 feet of a school, in violation of 21 U.S.C. § 846 (2000) (Count One); knowingly manufacturing more than fifty grams of methamphetamine, within 1000 feet of a school, in violation of 21 U.S.C. § 841(a)(1) (2000) (Count Two); and knowingly and intentionally possessing pseudoephedrine with the intent to manufacture methamphetamine, 21 U.S.C. § 841(c)(1) (2000) (Count Three).

Following a jury trial, the jury returned a special verdict form finding Thomas guilty of three counts:

1.  Conspiracy to manufacture any amount of a substance containing methamphetamine anywhere;
2.  Manufacture of any amount of methamphetamine anywhere; and
3.  Possession of an unspecified quantity of pseudoephedrine with the intent to manufacture amphetamines.

Significantly, the jury acquitted Thomas of conspiracy to manufacture 50 grams of methamphetamine within 1000 feet of a school, and manufacturing 50 grams of methamphetamine within 1000 feet of a school; the first two counts of conviction listed above were lesser included offenses of the acquitted charges. On appeal, Thomas does not challenge his conviction but contends that his sentence violates United States v. Booker, 543 U.S. 220 (2005).

The presentence report ("PSR") attributed a total of 898.56 grams of pseudoephedrine and 216 grams of methamphetamine to

- 2 -

Thomas.[1]  Based on this quantity of drugs, the probation officer recommended a base offense level of thirty-four pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2003).  Further, the PSR recommended that Thomas receive a two-level enhancement, pursuant to USSG § 3C1.1, for obstruction of justice.

Based upon a total offense level of thirty-six and a criminal history category of I, the PSR recommended a sentencing guideline range of 188 to 235 months.  At sentencing, Thomas objected to the calculation of his guideline range.  Specifically, Thomas claimed that the drug quantity attributed to him was excessive because the jury acquitted Thomas of the charges of conspiring and manufacturing over fifty grams of methamphetamine. The district court rejected the drug quantity objection, eliminated the two-level enhancement for obstruction of justice, and otherwise adopted the PSR, which included no other enhancements or adjustment to the offense level.  As a result, Thomas' offense level was set at thirty-four and his criminal history category was I, yielding a guideline range of 151 to 188 months.  The district court sentenced Thomas to 151 months, at the low end of the guideline range.

Thomas was sentenced prior to the decisions in Blakely v. Washington, 542 U.S. 296 (2004), and Booker, and he did not raise in the district court a challenge to the mandatory application of

---

[1]These amounts were converted to 9417.6 kilograms of marijuana.  See USSG § 2D1.1, cmt. (n.10) (Drug Equivalency Table).

the guidelines or a Sixth Amendment claim regarding the guidelines calculation. Therefore, this court reviews his sentence for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). In his appeal he asserts error in the district court's enhancement of his base offense level, based on judicial fact-finding made by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, and further asserts error in the mandatory application of the federal sentencing guidelines. The Government acknowledges that the case should be remanded for resentencing.

Because the district court enhanced Thomas' sentence based on drug quantity not found by the jury beyond a reasonable doubt or admitted by Thomas, his 151-month sentence imposed pursuant to a mandatory application of the guidelines meets the standard for plain error that must be recognized under the reasoning set forth in Hughes.[2] See United States v. Collins, 401 F.3d 212, 219-22 (4th Cir. 2005).

Accordingly, we remand for resentencing consistent with Booker.[3] We deny as moot Thomas' motion to expedite, as the case

---

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, we "offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Thomas' sentencing.

[3]Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 224. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all

- 4 -

was decided as quickly as possible given the court's caseload.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence.  Id.  If that sentence falls outside the guideline range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2).  The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47; see also United States v. Green, 436 F.3d 449 (4th Cir. 2006).  As the Government notes in its brief, the district court may sentence Thomas based on facts not found by the jury beyond a reasonable doubt, so long as the court applies the guidelines in an advisory rather than a mandatory fashion.